FILED
APR 11 1990
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RAFAEL CARO-QUINTERO, et al. ) <br> ) <br> Defendants. ) <br> ) | No. CR 87-422-ER <br><br> ORDER DENYING DEFENDANT BERNABE-RAMIREZ' MOTION TO COUNTS 4 AND 5 AS BARRED BY THE STATUTE OF LIMITATIONS |

On April 2, 1990, defendant Bernabe-Ramirez' motion to dismiss count 4 and 5 as barred by the statute of limitations came on for hearing before this Court, the Honorable Edward Rafeedie presiding. Having read and considered the pleadings filed in this matter, and having considered the oral argument presented at the hearing, IT IS HEREBY ORDERED that this motion is denied.

The statute of limitations begins to run when the crime is complete. <u>Tousie v. United States</u>, 397 U.S. 112, 115 (1970). "A crime is complete when each element of the crime has occurred."



963

<u>United States v. Smith</u>, 740 F.2d 734 (9th Cir. 1984). Bernabe has been charged with violent acts to gain admission to or further his role in a racketeering enterprise. This crime was not complete until the violent act occurred. Therefore, counts 4 and 5 are not barred by the statute of limitations.

Further, to the extent that the government must prove the existence of an enterprise engaged in racketeering activity, this requirement is similar to that under RICO that the government prove that defendant engaged in a "pattern of racketeering activity." Under RICO, the two or more racketeering acts need not all have occurred within the 5 year statute of limitations provided one of the racketeering acts occurred within the 5 year period. See e.g., <u>United States v. Pepe</u>, 747 F.2d 632, 663n.55 (11th Cir. 1984). By analogy, the government's attempt to establish the existence of an enterprise engaged in racketeering activity by proving acts both before and after the statute of limitations cut-off date, does not render counts 4 and 5 time barred.

Accordingly, defendant's motion is denied.

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve, by United States mail, copies of this Order on counsel for the parties in this matter.

Dated: April //, 1990

_____
EDWARD RAFEEDIE
United States District Judge