FILED
DEC 27 1990
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> RAFAEL CARO-QUINTERO, et al., ) <br> ) <br> Defendants. ) | No. CR 87-422(F)-ER <br><br> ORDER DENYING DEFENDANTS' MOTION FOR CONSIDERATION OF INVESTIGATOR'S DECLARATION |

The Court, having read and considered the motions and opposition filed in this matter, IT IS HEREBY ORDERED defendants' motion for consideration of the declaration of private investigator Mitchell is DENIED.

The Court believes the declaration is unhelpful and improper for the following reasons. The Court is given considerable discretion to direct an evidentiary hearing. This Court, in structuring the inquiry in this case, after extensive investigation and briefing by defendants, determined that a concise and limited evidentiary hearing would uncover any juror misconduct while preserving the protection afforded a jury.

ENTERED ON CSD
JAN 24 1991

1435

1 | The Court questioned the jurors on two occasions and accepted
2 | declarations of jurors in support of the motion for a new trial. The
3 | declaration at issue in this motion was submitted well after the new
4 | trial motion was heard and a few days before the Court conducted the
5 | evidentiary hearing. There is no explanation why this declaration was
6 | not submitted at the time the motion was filed.
7 | The case law does not require this Court to hold any type of
8 | specific hearing or accept particular types of evidence. The mission
9 | of the Court is to determine what happened through whatever means are
10 | deemed appropriate. The declaration offered in this case is a hearsay
11 | declaration of what an investigator remembers jurors telling him over
12 | a month prior to the signing of the declaration. The declaration is in
13 | a narrative form and appears to be incomplete. Only statements
14 | supporting the defendants' motion are included and there is no
15 | indication as to what questions were being asked and of what jurors.
16 | The jurors who were questioned presumably would have been asked the same
17 | questions, yet not all jurors are said to have responded to all subject
18 | matter areas. The declarant was hired by defendant to discern evidence
19 | to support a new trial motion and therefore his recollection and
20 | description of the events may be biased. Therefore the Court views the
21 | declaration's reliability is questionable.
22 | The declaration is offered largely to corroborate one juror and
23 | impeach other jurors. The declaration is an attempt to make the jurors
24 | the center of this trial. The Court believes it is inappropriate to put
25 | the jurors on trial. Rule 606(b) prohibits the inquiry into the jurors'
26 | thought processes and the jury deliberative process. This is to
27 | discourage harassment of jurors, insulate the jury room to facilitate
28 | free and open discourse, reduce opportunity and incentive for jury

tampering, promote finality of verdicts, and respect the jury as the finder of fact. See, McDonald v. Pless, 238 U.S. 264, 267, 35 S.Ct. 783, 784 (1915). To further subject these jurors to harassment and inquiry is not needed. The Court has sufficient evidence before it to evaluate the credibility of the jurors. To permit a private investigator to submit a declaration which has not been adopted by a juror as true to impeach the juror's statement would subject the jury system to the very abuses addressed by Rule 606(b). The investigator in this matter may have conducted his inquiry in an inappropriate manor. The Court views this declaration, submitted late in the proceedings, as inappropriate because it tends to harass the jurors.

The declaration being offered is unhelpful to the Court. The Court believes that the two sessions of questioning, the motions, and the declaration of juror Parris are sufficient evidence for the Court to determine what if any extrinsic evidence reached the jury as well as evaluate the credibility of the jurors. The original inquiry conducted by the Court was during the deliberations. This is closer in time to the alleged misconduct than the submitted declaration. Furthermore, the jurors were under oath and the inquiry was carefully circumscribed to protect the jury process. The alleged statements contained in the declaration go primarily to facts that are not controverted or which the Court is capable of determining without the declaration. Therefore, the Court sees no reason to further subject the Jurors to interrogation and prolong this inquiry for the purpose of admitting a declaration which is unhelpful to the Court.

To admit this declaration or reopen this hearing in order that the declarant may testify would prolong and protract the evidentiary hearing beyond the scope and time necessary for a fair and just resolution of

this motion for a new trial. The Court sees no reason to admit a declaration of questionable reliability, limited or negligible use, and which tends to harass the jurors and make them the subject of impeachment and cross examination. Defendants' motion is denied.

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve, by United States mail, copies of this Order on counsel for the parties in this matter.

DATED: December 27, 1990.

*Edward Rafeedie*
EDWARD RAFEEDIE
United States District Judge